**WO**                                                                                             MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felicia Nicole Morgan,<br><br>Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>Defendants. | No.  CV-23-01653-PHX-MTL (MTM)<br><br>**ORDER** |

On August 14, 2023, Plaintiff Felicia Nicole Morgan, who was then confined in Maricopa County's Estrella Jail,[1] filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a November 14, 2023 Order, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend.  On December 14, 2023, Plaintiff filed her First Amended Complaint.  In a February 28, 2024 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On March 25, 2024, Plaintiff filed a Second Amended Complaint (Doc. 10).[2]  The Court will dismiss the Second Amended Complaint and this action.

---

[1] On September 22, 2023, Plaintiff filed a Notice of Change of Address indicating that she had been transferred to the Arizona State Prison Complex-Perryville. (Doc. 5.)

[2] Plaintiff has also filed a Letter (Doc. 11) inquiring about the status of her Second Amended Complaint.  The Court will grant the Letter insofar as this Order contains an update on the status of her case.

I.  **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**II.     Second Amended Complaint**

In her Second Amended Complaint, Plaintiff seeks compensatory and punitive damages from former Maricopa County Sheriff Paul Penzone, alleging that he housed her in unlawful conditions for approximately three months in 2023. Plaintiff claims that Penzone "approved and[/]or ordered" the confinement of detainees in "various dangerous unsafe conditions commonly known as fungus black mold and mildew." (Doc. 1 at 3.)[3] According to Plaintiff, Defendant Penzone "[k]new or should have known" of the dangers posed by breathing these hazardous materials because other detainees have filed lawsuits concerning these conditions and there are "facts listed in the interdepartmental records." (*Id.* at 4.)  Plaintiff states that she suffered asthma attacks, chest and nasal pain, and emotional and mental stress while she was detained in the Estrella Jail.

**III.    Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link

---

[3] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

- 3 -

between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiff's allegations are too vague and conclusory to state a claim against Defendant Penzone based on a violation of her rights under the Due Process Clause.

Plaintiff does not attempt to describe any mold or mildew she observed, and there are no allegations to connect such conditions to the mental, emotional, and physical harm she purportedly suffered while detained. Plaintiff has also failed to allege sufficient facts to support that Penzone knew there was mold or mildew at the Jail. While she alludes to other lawsuits filed by Estrella Jail detainees, she does not identify the type of claims asserted or describe the nature of Penzone's involvement in such cases. Plaintiff's reference to "facts listed in the interdepartmental records" is similarly ambiguous. Absent specific underlying facts to support Penzone's awareness of the challenged conditions, Plaintiff's assertion that Penzone knowingly housed her in an unsafe setting is too conclusory to state a claim against him. *See Iqbal*, 556 U.S. at 678. Plaintiff's Second Amended Complaint will therefore be dismissed.

**IV.    Dismissal without Leave to Amend**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend her complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    The Second Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

. . . .

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) Plaintiff's Letter (Doc. 11) is **granted** to insofar as this Order contains an update on the status of her case.

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 7th day of June, 2024.

Michael T. Liburdi
United States District Judge